**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**March 24, 2004**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 03-30785
(Summary Calendar)

GEERD GUENTHER,

Plaintiff-Appellant,

versus

TIDEWATER, INC.

Defendants-Appellee.

Appeal from the United States District Court
for the Eastern District of Louisiana
(02-CV-2491-S)

Before SMITH, DEMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

In this diversity case, Geerd Guenther ("Gunther") seeks modification of the district court's

summary judgment dismissing with prejudice his Louisiana Whistleblower's Act claim for retaliation

against Tidewater, Inc. ("Tidewater"). Guenther primarily contends that the district court dismissed

the case for want of subject matter jurisdiction, which is not a judgment on the merits, and therefore

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

the district court's judgment can have no effect as a dismissal with prejudice. Guenther, however, mistakenly confuses the district court's determination that he failed to establish a claim under Louisiana law with a lack of subject matter jurisdiction. Because we find that the district court, which properly exercised diversity jurisdiction over the matter, did not err in determining that Guenther was not entitled to relief under the Whistleblower's Act as a matter of law, we affirm the district court's grant of summary judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

On August 15, 2002, Guenther, a citizen of Lauda, Germany, brought this suit against Tidewater, a citizen of Delaware and Louisiana, under the Louisiana Whistleblower's Act, La. Rev. Stat. Ann. 23: 967, asserting that Tidewater fired him in retaliation for his numerous complaints about business decisions made by Tidewater and his allegations that Tidewater had engaged in illegal activity.[1]  Upon completion of discovery, Tidewater filed a motion for summary judgment in which it asserted that the Act does not have extraterritorial effect and thus does not apply to the events in this case, all of which occurred either in India, West Africa, or Dubai. Tidewater also argued that Guenther had no claim under the Act because (1) Guenther was not a Tidewater employee; (2) Tidewater did not violate Louisiana Law; and (3) Tidewater took no reprisals against him. In response, Guenther filed a three-line "Statement of No Opposition to Motion for Summary Judgment," stating that "Plaintiff concedes lack of jurisdiction. A dismissal without prejudice under FRCP Rule 41(b) is required." In its reply of July 15, 2003, Tidewater clarified its summary judgment arguments, explained that jurisdiction was not at issue, and argued that a Rule 41(b)

---

[1]Guenther voluntarily dismissed his claims that Tidewater discriminated against him on the basis of his age and/or national origin.

2

dismissal without prejudice was not appropriate in this case. On July 17, 2003, Guenther filed a sur-reply in which he conceded that the Louisiana Whistleblower's Act did not apply extraterritorially. Guenther also stated "Findings of fact are not necessary. Plaintiff's concession should end the matter as far as this court is concerned." On July 18, 2003, the district court issued an Order and Reasons granting Tidewater summary judgment and dismissing Guenther's suit with prejudice. Guenther now appeals.

## DISCUSSION

Guenther argues that the district court erred in granting summary judgment, asserting that the basis for the dismissal was a want of subject matter jurisdiction, and that the district court therefore erred in proceeding to adjudicate the merits of the case. According to Guenther, the district court should have treated Tidewater's motion for summary judgment as a Rule 12(b)(1) motion and should have dismissed the case without prejudice under Rule 41(b). We disagree.

As a threshold matter, we note that the district court properly established that it had diversity jurisdiction over the case pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, Guenther is a citizen of Germany, and Tidewater is a citizen of Delaware and Louisiana. Therefore, Guenther's assertion that the district court erred in refusing to convert Tidewater's summary judgment motion into a 12(b)(1) motion is without merit. Moreover, as the district court correctly pointed out, Rule 41(b) applies only to involuntary dismissals and thus has no application where, as here, the plaintiff has attempted to voluntarily dismiss his action.

Turning to the propriety of the district court's grant of summary judgment, we likewise find no error in the district court's rulings. This Court reviews the grant of summary judgment de novo, applying the same legal standards as the district court applied to determine whether summary

3

judgment was appropriate. Flock v. Scripto-Tokai Corp., 319 F.3d 231, 236 (5th Cir. 2003) (citing Ramirez v. City of San Antonio, 312 F.3d 178, 181 (5th Cir. 2002)). A summary judgment motion is properly granted only when, viewing the evidence in the light most favorable to the nonmoving party, the record indicates that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). To determine "whether there is a dispute as to any material fact, we consider all of the evidence in the record, but we do not make credibility determinations or weigh evidence." Flock, 319 F.3d at 236 (citation omitted). Rather, "we draw all reasonable inferences in favor of the nonmoving party." Id.

After carefully considering the pleadings and the entirety of the record, we agree with the district court that Guenther utterly failed to adduce any evidence supporting his case and that he failed to demonstrate why summary judgment was inappropriate. Once Tidewater alerted the district court that there was an absence of evidence supporting one or more elements of Guenther's claim, the non-movant, Guenther, had the affirmative duty to come forward with evidence to rebut the summary judgment motion. Celotex, 477 U.S. at 325; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). At that point, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. Celotex, 477 U.S. at 325. As we have previously stated, "[t]his burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam).

In this case, it was undisputed that all the events at issue took place in India, West Africa, or Dubai, and that the Louisiana Whistleblower's Act upon which Guenther's claim is based has no

extraterritorial application. <u>See</u> <u>Salazar v. Freeport Overseas Service Co.</u>, No. 99-1210, WL 1099391, at *2 (E.D. La. Aug. 3, 2000).  In addition, Guenther did not dispute any of the material facts offered by Tidewater or offer any evidence in support of his claim.  Specifically, Guenther provided no evidence that he was a Tidewater employee, that Tidewater violated Louisiana law, or that Tidewater took any reprisals against him.  Therefore, we agree with the district court that Tidewater was entitled to judgment as a matter of law.

## CONCLUSION

For the foregoing reasons, we AFFIRM the district court's grant of summary judgment in favor of Tidewater and its dismissal of Guenther's Louisiana Whistleblower's Act claim with prejudice.

AFFIRMED.